UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA WILKERSON<br>1318 E. Washington Lane<br>Philadelphia, PA 19138<br><br>    Plaintiff,<br><br>    v.<br><br>NEW MEDIA TECHNOLOGY<br>CHARTER SCHOOL, INC.<br>t/d/b/a NEW MEDIA TECHNOLOGY<br>CHARTER SCHOOL<br>7800 Ogontz Avenue<br>Philadelphia, PA 19144 and<br><br>HUGH C. CLARK<br>Two Penn Center<br>Second Floor<br>Philadelphia, PA 19102<br><br>    Defendants. | CIVIL ACTION<br><br>No. _____<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

The above-named Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I.    INTRODUCTION

1. Plaintiff Jessica Wilkerson has initiated this action to seek redress for anti-Christian discrimination, unlawful retaliation for her complaints of religious discrimination, and other violations by Defendants of Title VII of the Civil Rights Act of 1964 (as amended) and other applicable federal and state law.

### II.    PARTIES

2. The allegations of the foregoing paragraphs of this Complaint are hereby incorporated by reference herein as if the same were set forth at length.

3. Plaintiff Jessica Wilkerson (hereinafter "Plaintiff") is an adult individual residing at the above address.

4. Defendant New Media Technology Charter School (hereinafter "Defendant New Media") is a Pennsylvania non-stock non-profit corporation with an address as captioned above.

5. Defendant New Media is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964 because it is engaged in an industry affecting commerce and because it maintains or maintained fifteen (15) or more employees for each working day in each of twenty (20) or more weeks in the current or preceding calendar year.

6. Defendant New Media also maintains a sufficient number of employees to satisfy the jurisdictional prerequisites of the Pennsylvania Human Relations Act (requiring four or more employees).

7. Upon information and belief, Defendant New Media receives federal, state, and/or local government funding.

8. Defendant Hugh C. Clark is an adult individual with a business address as captioned above and served as a director of Defendant at all times relevant herein.

9. At all times relevant herein, Defendants acted through their agents, servants, and employees, each of whom acted within the scope of his/her employment.

### III.   JURISDICTION AND VENUE

10. The allegations of the foregoing paragraphs of this Complaint are hereby incorporated by reference herein as if the same were set forth at length.

11. The Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *International Shoe Co. v. Washington,* 326 U.S. 310 (1945) and its progeny.

12. The United States District Court for the Eastern District of Pennsylvania may maintain original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

13. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction in that they form part of the same case or controversy.

14. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiffs were employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

15. The Court may maintain supplemental jurisdiction over Plaintiff's state law claims against Defendant Clark (*see infra*) because, pursuant to 28 U.S.C. § 1367(a): (i) its original jurisdiction in the instant case is based upon 28 U.S.C. § 1331 as opposed to 28 U.S.C. § 1332; (ii) the claims against Defendant Clark are sufficiently related to the claim(s) within the Court's original jurisdiction that they form part of the same case or controversy; (iii) the claims against Defendant Clark do not involve novel or complex issues of state law; (iii) the claims against Defendant Clark do not predominate over the claims over which the Court has original jurisdiction; and (iv) there is no other compelling reason to decline jurisdiction over the claims against Defendant Clark.

        IV.    **PROCEDURAL AND ADMINISTRATIVE REQUIREMENTS**

16. The allegations of the foregoing paragraphs of this Complaint are hereby incorporated by reference herein as if the same were set forth at length.

17. Plaintiff has exhausted the procedural and administrative requirements for proceeding under Title VII of the Civil Rights Act of 1964 as follows:

   a. On or about July 18, 2005, Plaintiff filed a timely written charge of discrimination (No. 170-2005-03147) against Defendants with the Philadelphia office of the Equal Employment Opportunity Commission alleging religious discrimination and retaliation;

   b. The Equal Employment Opportunity Commission issued a Notice of Right to Sue on the foregoing charge on or about March 17, 2006;

   c. The instant action is timely because it has been initiated within ninety (90) days of receipt of the aforementioned notice;

   d. Plaintiff also timely cross-filed the aforementioned charge of discrimination with the Pennsylvania Human Relations Commission.

18. Plaintiff has exhausted her federal and state administrative remedies as to the allegations of this Complaint.

## V.   FACTUAL BACKGROUND

19. The allegations of the foregoing paragraphs of this Complaint are hereby incorporated by reference herein as if the same were set forth at length.

20. Plaintiff is a member of the Christian faith.

21. Plaintiff was employed by Defendant New Media as an "advisor" (essentially a teacher) during the spring 2005 school year.

22. Defendant New Media claims not to be dedicated to or to teach any particular religious belief.

23. In May of 2005, Plaintiff was required to attend a school banquet at which a ceremony known as "libations" was conducted.

24. The "libations" ceremony violated Plaintiff's Christian beliefs as it required participants to engage in what Plaintiff perceived as religious worship of their ancestors rather than the Christian God.

25. Plaintiff did not participate in the "libations" ceremony.

26. Plaintiff complained to agents of Defendant New Media about the "libations" ceremony and made religious objections to it at a staff meeting shortly after the ceremony took place.

27. Despite Plaintiff's complaints as aforesaid, Defendant New Media made no effort to accommodate her religious beliefs or to engage in an interactive process to accommodate them.

28. Defendant New Media failed to take Plaintiff's complaint seriously.

29. In June of 2005, Plaintiff's employment was terminated as a result of her Christian religious beliefs, her refusal to engage in the "libations" ceremony, and her complaints related to the ceremony and its conflict with her religious beliefs.

30. Defendant Clark prepared and signed Plaintiff's termination letter.

31. Defendant Clark advised Plaintiff on or about June 29, 2005 that her employment was to be terminated " . . . despite the many positive attributes that you bring to New Media Technology Charter School . . .", and cited no performance-based or other legitimate reason for the termination.

## COUNT ONE
## TITLE VII - RELIGIOUS DISCRIMINATION
## PLAINTIFF v. DEFENDANT NEW MEDIA

32. The allegations of the foregoing paragraphs of this Complaint are hereby incorporated by reference herein as if the same were set forth at length.

33. The foregoing actions of Defendant New Media constituted unlawful discrimination against Plaintiff on the basis of her religion (Christian).

34. As a result of Defendant New Media's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra*.

### COUNT TWO
### TITLE VII - RETALIATION
### PLAINTIFF v. DEFENDANT NEW MEDIA

35. The allegations of the foregoing paragraphs of this Complaint are hereby incorporated by reference herein as if the same were set forth at length.

36. In terminating Plaintiff's employment, Defendant New Media engaged in unlawful retaliation against Plaintiff as a result of her protected activity in complaining of religious discrimination.

37. As a result of Defendant New Media's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra*.

### COUNT THREE
### 42 U.S.C. § 1983
### PLAINTIFF v. BOTH DEFENDANTS

38. The allegations of the foregoing paragraphs of this Complaint are hereby incorporated by reference herein as if the same were set forth at length.

39. At all times relevant herein, Defendants were state actors.

40. In Pennsylvania, a charter school is an independent public school and is part of the public school system. *See Irene B. v. Philadelphia Academy Charter School*, 2003 U.S. Dist. LEXIS 3020, *38 (E.D. Pa. 2003).

41. Plaintiff was arbitrarily and capriciously terminated from Defendant New Media's employ.

42. Defendants deliberately denied Plaintiff her right to due process in terminating her employment without basis and without an opportunity to be heard.

43. Plaintiff was not provided with a hearing or with due process as required under the 5th and 14th Amendments to the United States Constitution prior to the termination of her employment.

44. Plaintiff was deprived of her property interest in working as a teacher without due process, in violation of the 5th and 14th Amendments to the United States Constitution.

45. Plaintiff had and continues to have a specific property interest in being employed with Defendant New Media.

46. Plaintiff was deprived of her aforesaid property interest because, without explanation or hearing, she was terminated from employment without basis or justification.

47. Defendants acted under color of state law to deny Plaintiff continued employment.

48. As a direct, actual and proximate cause of Defendants' actions, Plaintiff is now and will continue to be deprived of legitimate property rights and interests in employment and promotion as guaranteed her under the 5th and 14th Amendments to the United States Constitution.

49. Defendant also terminated Plaintiff's employment in retaliation for her exercise of her right to religious and other free expression under the First Amendment to the United States Constitution and the Pennsylvania Constitution.

50. As a result of the foregoing acts and/or omissions, Plaintiff has suffered and continues to suffer pecuniary loss, humiliation and embarrassment, and additional losses and damages as discussed *infra*.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra*.

### COUNT FOUR
### 42 U.S.C. § 1985
### PLAINTIFF v. BOTH DEFENDANTS

51. The allegations of the foregoing paragraphs of this Complaint are hereby incorporated by reference herein as if the same were set forth at length.

52. At all times relevant herein, Defendants agreed to act and did act with a unity of purpose and/or a common design to commit deprivations of Plaintiff's constitutional rights as aforesaid, and actually deprived Plaintiff of such rights, including but not limited to her right to religious expression under the First Amendment to the United States Constitution; her property right in continued employment; and/or her right to due process before termination of her employment.

53. As a result of the foregoing acts and/or omissions, Plaintiff has suffered and continues to suffer pecuniary loss, humiliation and embarrassment, and additional losses and damages as discussed *infra*.

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra*.

### COUNT FIVE
### PENNSYLVANIA HUMAN RELATIONS ACT
### PLAINTIFF v. DEFENDANT NEW MEDIA

54. The allegations of the foregoing paragraphs of this Complaint are hereby incorporated by reference herein as if the same were set forth at length.

55. The actions of Defendant New Media as aforesaid, in discriminating against Plaintiff based upon her religion and retaliating against her for making complaints of religious discrimination, also violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 959 *et. seq.*

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra*.

COUNT SIX
PENNSYLVANIA HUMAN RELATIONS ACT
AIDING AND ABETTING
<u>PLAINTIFF v. DEFENDANT CLARK</u>

56. The allegations of the foregoing paragraphs of this Complaint are hereby incorporated by reference herein as if the same were set forth at length.

57. The actions of Defendant Clark constituted the aiding, abetting, inciting, compelling or coercing the doing of acts considered to be discriminatory.

58. The actions of Defendant Clark as aforesaid caused Plaintiff to suffer loss of earnings and earning power, pain and suffering, loss of self-esteem, and other damages as set forth herein.

59. The actions of Defendant Clark as aforesaid violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. § 959 *et. seq.*

WHEREFORE, Plaintiff seeks the damages set forth in the *ad damnum* clause of the instant Complaint, *infra*.

<u>*AD DAMNUM* CLAUSE/PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff prays that the Court enter judgment in her favor and against Defendants and that it enter an Order providing that:

    a. Defendants are to be permanently enjoined from discriminating or retaliating against Plaintiff on any basis forbidden by Title VII of the Civil Rights Act of 1964, as amended, and other applicable federal and state law;

    b. Defendants are to promulgate and adhere to a policy prohibiting religious discrimination and retaliation;

c. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority;

d. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by the actions of Defendants;

e. Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter them and/or other persons or entities from engaging in such misconduct in the future;

f. Plaintiff is to be accorded all such other legal and/or equitable relief as the Court deems just proper, and appropriate;

g. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

h. Any verdict in favor of Plaintiff is to be molded to provide Plaintiff the maximum financial recovery in light of the damage caps set forth in 42 U.S.C. § 1981a, as mandated by the decision of the Third Circuit Court of Appeals in *Gagliardo v. Connaught Laboratories,* 311 F.3d 565, 570-71 (3d Cir. 2002);

i. Plaintiff is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendants do not engage – or cease engaging - in illegal retaliation against Plaintiff or other witnesses to this action;

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein;

k.  Plaintiff's claims against Defendants are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

TIMOTHY M. KOLMAN & ASSOCIATES

By: /s/ Timothy M. Kolman, Esquire TMK5921
Timothy M. Kolman
Wayne A. Ely
Attorneys for Plaintiff
225 North Flowers Mill Road
Langhorne, PA 19047
(215) 750-3134

June 14, 2006